UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

IN RE:

ENGINEERED PROPULSION
SYSTEMS, INC.,

Debtor.

Case No. 20-11957
Chapter 11

---

# NOTICE OF THE UNITED STATES OF AMERICA CONCERNING REVIEW OF CERTAIN FOREIGN TRANSACTIONS

---

The United States of America, by its attorney, Scott C. Blader, United States Attorney for the Western District of Wisconsin, and by Theresa (Esa) M. Anzivino, Assistant United States Attorney, respectfully submits this Notice regarding the possibility that certain transactions that the Debtor, Engineered Propulsion Systems, Inc. ("Debtor"), may propose in this case may be subject to review by the Committee on Foreign Investment in the United States (CFIUS). A CFIUS review could affect the ability of the parties to complete the transaction, the timing of their completion, and/or their terms.

**A.    Transactions Potentially Subject to Review**

1.    On July 29, 2020, Debtor commenced its voluntary chapter 11 case. ECF No. 1. On this same day, Debtor filed various motions, seeking, among other

things, authority to pay payroll, to use cash collateral, and to obtain post-petition financing ("First Day Motions"). ECF Nos. 4, 5.

2. Debtor has obtained post-petition financing, and in return for this financing, Debtor granted the post-petition lender liens on all of Debtor's property and assets. *See* ECF Nos. 5 at 17-18, 73 at 9.

3. In its First Day Motions and supplemental filings, Debtor also stated that it intends to sell its assets through this bankruptcy case. ECF Nos. 5 at 20 (explaining that Debtor seeks financing to continue operating while it conducts a sale and marketing process for its assets).

4. The United States files the present Notice to alert and inform the parties and the Court that sales of the company or disposition of any company assets may be subject to CFIUS review for national security and law enforcement recommendations. Provided in the following sections is some additional background information on CFIUS's purpose and its general review process.

**B.    CFIUS's Purpose and Membership**

5. CFIUS is an inter-agency committee authorized to review certain transactions involving foreign investment in the United States (referred to as "covered transactions"), in order to determine the effect of such transactions on the national security of the United States. *See* 50 U.S.C. § 4565(b)(1)(A). Covered

transactions include any such transactions that arise "pursuant to bankruptcy proceedings." *Id*. § 4565(a)(4)(F); 31 C.F.R. § 800.213 note 1 (2020).[1]

6.  Section 721 of the Defense Production Act of 1950, as amended, authorizes the President, acting through CFIUS, to review any merger, acquisition, or takeover, "by or with a foreign person that could result in foreign control of any United States business." 50 U.S.C. § 4565(a)(4)(B)(i). The term "control" is defined as "the power, direct or indirect, whether exercised or not exercised, to determine, direct, or decide important matters affecting an entity, subject to regulations prescribed by the Committee." *Id*. § 4565(a)(3); *see also* 31 C.F.R. § 800.208(a). The relevant regulations broadly define foreign entity and foreign person to include any individual who is not a U.S. national or any entity organized under a foreign state's laws. 31 C.F.R. §§ 800.220 to .224. Covered transactions involving a merger, acquisition, or takeover could include the acquisition by a foreign person, foreign entity, or foreign government of an entity engaged in interstate commerce in the United States (a U.S. business), including components of a business or assets that constitute a U.S. business under the CFIUS regulations. *See generally id*. Part 800.

---

[1] The Department of Treasury recently published final regulations fully implementing this provision, which became effective on February 13, 2020. *See Provisions Pertaining to Certain Investments in the United States by Foreign Persons*, 85 Fed. Reg. 3, 112 (Jan. 17, 2020).

7. The Foreign Investment Risk Review Modernization Act of 2018 (FIRRMA),[2] broadened the authorities of the President and CFIUS under section 721 to address national security concerns arising from certain investments and real estate transactions. FIRRMA explicitly added four types of transactions as "covered transactions" under section 721: (1) the purchase or lease by, or concession to, a foreign person of certain real estate in the United States; (2) any "other investment" that, although does not result in foreign control, affords a foreign person equity interest in and specific access to information in the possession of, rights in, or involvement in the decision-making of certain U.S. businesses involved in certain critical technologies, critical infrastructure, or sensitive personal data; (3) any change in a foreign person's rights if such change could result in foreign control of a U.S. business or another investment in certain U.S. businesses; and (4) any other transaction, transfer, agreement, or arrangement, the structure of which is designed or intended to evade or circumvent the application of section 721. 50 U.S.C. § 4565(a)(4)(B)(ii)-(v).

8. The members of CFIUS include the Secretaries of the Treasury (chair), State, Defense, Commerce, Energy, and Homeland Security; the Attorney General; the United States Trade Representative; and the Director of the White

---

[2] *See* John S. McCain National Defense Authorization Act for Fiscal Year 2019, tit. XVII, Pub. L. No. 115-232, 132 Stat. 1636, 2173 (2018).

House of Science and Technology Policy; the heads of any other executive department, agency, or office may participate as determined to be appropriate on a case-by-case basis. 50 U.S.C. § 4565(k)(2). The Secretary of Labor and the Director of National Intelligence are nonvoting, *ex officio* members.

C.     **The CFIUS Process**

9.     CFIUS review can be initiated voluntarily or involuntarily, though certain filings are mandatory. *See* C.F.R. § 800.401. Certain covered transactions must be reported where "a foreign government has, directly or indirectly, a substantial interest." 50 U.S.C. § 4565(b)(1)(C)(v)(IV)(bb)(AA).

10.    Additionally, CFIUS may issue regulations requiring the reporting of covered transactions involving certain U.S. businesses that produce, design, test, manufacture, fabricate, or develop one or more critical technologies. *Id*. § 4565(b)(1)(C)(v)(IV)(cc).[3]

11.    Any party to a covered transaction may file a voluntary notice of the transaction, or CFIUS can unilaterally initiate review of the transaction. *See id*. § 4565(b)(1)(C), (D). Once it receives notification of a covered transaction (and after a 10-day initial review period to accept a written notice or provide comments),

---

[3] The Department of Treasury recently issued a proposed rule to modify certain aspects of a pilot program requiring mandatory reporting of certain foreign investment transactions involving a U.S. business that produces, designs, tests, manufactures, fabricates, or develops one or more critical technologies. *Provisions Pertaining to Certain Investments in the United States by Foreign Persons*, 85 Fed. Reg. 30,893 (May 1, 2020); *see also* 31 C.F.R. Part 801.

5

CFIUS must complete a "review" within 45 days of accepting the notice filed by the parties, or of the date of its unilateral initiation of review. *Id*. § 4565(b)(1)(C)(i)(II)(aa), (b)(1)(F).

12. Following this 45-day review period, two principal outcomes are possible. First, CFIUS could decide not to undertake an investigation and conclude its action with respect to the transaction. *See* C.F.R. § 800.506; *see also* 50 U.S.C. § 4565(b)(2)(B). Alternatively, CFIUS may initiate a 45-day investigation into the "effects of [the] covered transaction on the national security of the United States." 50 U.S.C. § 4565(b)(2)(A), (C).

13. Upon completion of its investigation, CFIUS may conclude its action with respect to the transaction, 31 C.F.R. § 800.508(d), or, if it determines that the transaction poses national security concerns that cannot be resolved, unless the parties choose to abandon the transaction, CFIUS will send a report to the President requesting his decision on whether to take an action to suspend or prohibit the transaction, 50 U.S.C. § 4565(d)(1), which must be made within 15 days, *id*. § 4565(d)(2). Such an action taken by the President is not subject to judicial review. *Id*. § 4565(e).

14. CFIUS may seek to mitigate any threat to national security that arises as a result of a covered transaction by entering into agreements or imposing conditions on the transaction. *See* 50 U.S.C. § 4565(1)(3)(A). In addition,

the process can be prolonged by pre-notification informal consultations, *id*. § 4565(b)(1)(C)(i)(II); *see also* 31 C.F.R. § 800.501(g) (encouraging such discussions); withdrawal by the parties of a written notification of a transaction, 50 U.S.C. § 4565(b)(1)(C)(ii); or informal discussions regarding possible resubmission, *id*. § 4565(b)(1)(C)(iii).

15.    In conducting its national security risk analysis, CFIUS considers issues including domestic production needed for projected national defense requirements and the capability and capacity of domestic industries to meet national defense requirements, the potential effects of the proposed or pending transaction on U.S. international technological leadership in areas affecting national security, the potential national security-related effects on critical infrastructure, and the potential national security-related effects on critical technologies. *See* U.S.C. § 4565(f). The statute provides a non-exclusive list of factors that CFIUS considers in assessing national security risk, *id*. § 4565(f)(1)-(10), but "other factors" may also be considered "as the President or [CFIUS] may determine to be appropriate, generally or in connection with a specific review or investigation," *id*. § 4565(f)(11).

**D.    Confidentiality in the CFIUS Review Process**

16.    The CFIUS review process is subject to statutory confidentiality provisions, with limited exceptions for disclosure, including as may be relevant to any administrative or judicial action or proceeding. *See* 50 C.F.R. § 4565(c). Unpermitted disclosure of certain information or material filed with CFIUS can result in criminal penalties, including fines and imprisonment. *See* 31 C.F.R. § 800.802. "[T]here is … a clearly articulated intention, on the part of each of the legislative and executive branches of our government, that the CFIUS process remain confidential." *In re Global Crossing. Ltd.*, 295 B.R. 720, 724-25 (Bankr. S.D.N.Y. 2003). The CFIUS statutory and regulatory confidentiality provisions apply in bankruptcy. *See id.; see also* Fed. R. Bankr. P. 9018 ("[T]he court may make any order which justice requires … to protect governmental matters that are made confidential by statute or regulation."). Nothing in the CFIUS regulatory confidentiality provisions, however, prohibits, "public disclosure by a party of documentary material or information that it has submitted or filed with" CFIUS. *See* 31 C.F.R. § 800.802(d).

**E.    Conclusion**

17.    Accordingly, if the transactions resulting from these proceedings involve a foreign acquirer and CFIUS identifies national security concerns with such transactions, CFIUS or the President could take actions that affect the ability

of the parties to complete the transaction, the timing of its completion, or the terms of the transaction.

Dated this 28th day of August, 2020.

Respectfully Submitted,

SCOTT C. BLADER
United States Attorney

By:

*/s/Theresa M. Anzivino*
Theresa (Esa) M. Anzivino
Assistant United States Attorney
Western District of Wisconsin
222 W. Washington Avenue, Ste 700
Madison, WI 53703
Phone: (608) 250-5454
theresa.anzivino@usdoj.gov